UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MELVIN CAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-067-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Melvin Cal, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary hearing (IYC 16-09-244) where a Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) Policy A-113 on October 5, 2016. ECF 6 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted from Credit Class B to Credit Class C. ECF 6 at 1, ECF 11-4 at 1. The Respondent has filed the administrative record and Cal filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Cal argues there are three grounds which entitle him to habeas corpus relief.

First, Cal argues that the DHO did not have sufficient evidence to find him guilty of trafficking. ECF 6 at 2-3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Cal was found guilty of violating IDOC offense A-113, which prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1–3-5) with anyone who is not an offender residing in the same facility." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Cal as follows:

> On 9/28/2016 at approximately 8:00 am I Investigator C. Feldkamp conducted an investigation into trafficking at Pen Products. During an interview with offender Melvin, Cal #259413 he openly admitted that he participated in a trafficking ring with other offenders and a staff member at Pen Products. The information provided by offender Cal during the interview is supported and substantiated by I&I case #16 IYC 0139 which remains confidential and is available for review in the Intelligence and Investigations office upon request from the appropriate authorities.

ECF 11-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Cal guilty of trafficking. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Investigator Feldkamp memorialized the fact that when he interviewed Cal, he "openly admitted" to his participation in a trafficking ring with other offenders and an employee of Pen Products. ECF 11-1 at 1, ECF 14 at 19. In fact, during his interview with Investigator Feldkamp, Cal admitted that he "mule[d] the product . . . and distribute[d] [it] inside of the camp." ECF 14 at 19. Cal's confession is sufficient evidence of his guilt. *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (in assessing the

3

sufficiency of the evidence, the court "need look no further than one key piece of evidence: [his] confession"). However, there is additional evidence in the record which corroborates Cal's admission that he participated in the trafficking ring. Notably, a confidential informant identified Cal as someone who was involved in the trafficking activities at Pen Products and Cal's confession was corroborated by incriminating statements from witnesses as well as documents contained in the confidential case file. ECF 13, ECF 14, ECF 15, and ECF 17. Given Cal's admission of guilt, the conduct report, and information contained in the confidential case file, there was more than "some evidence" for the DHO to find Cal guilty of trafficking in violation of offense A-113. Thus, the DHO's finding that Cal was guilty was neither arbitrary nor unreasonable in light of these facts. Therefore, this ground does not identify a basis for habeas corpus relief.

Nevertheless, Cal argues that his due process rights were violated because the DHO denied his request for witnesses and physical evidence. ECF 6 at 2. Here, Cal alleges that he requested all of the evidence in this case, including witness statements, work history documentation, and recorded interviews. *Id*. A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 566. Cal's right to present evidence was satisfied. During his screening, he had the right to request witnesses and evidence in his defense. However, as indicated on his screening report, Cal did not request any witnesses or physical evidence for his disciplinary hearing. ECF 11-2 at 1. Furthermore, the court has

4

thoroughly reviewed the record and finds no evidence to support Cal's contention that he requested testimonial and documentary evidence to present at his hearing.

However, assuming Cal had requested all of the evidence in this case, he did not necessarily have a right to personally review the evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . ."). Here Cal did not have a right to review the confidential audio and video recordings, and confidential case file because that information contains statements from cooperating witnesses, investigative reports, and personal information. ECF 13, ECF 14, ECF 15, and ECF 17. The release of this confidential information would have given Cal and other inmates insight into the surveillance and investigative techniques employed by the Internal Affairs investigators. The court has reviewed the audio and video recordings as well as the confidential case file and finds that the release of this information would have posed a security threat if it had been released.

Cal also did not have a right to review the confidential audio and video recordings, and confidential case file because that information was not exculpatory. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992) ("[i]nmates have a right to present relevant, exculpatory evidence in their defense"). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Cal had a right to present relevant, exculpatory evidence in his defense, the audio

and video recordings, and confidential case file were made up of incriminating evidence, which supports the conduct report. *Miller*, 963 F.3d at 1005. As stated, the court has reviewed these confidential materials and notes they do not contain any exculpatory evidence. Because the DHO, who presided over Cal's hearing, considered all of the relevant evidence, including staff reports and the offender's statement, there was no violation of Cal's due process rights. *White*, 266 F.3d at 767. Therefore, this ground does not provide a basis for habeas corpus relief.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Here, Cal points to no specific example of how his defense was actually harmed by not being permitted to review the confidential audio and video recordings, and confidential case file. As discussed, he "openly admitted" to participating in a trafficking ring with other offenders and an employee of Pen Products. ECF 11-1 at 1. Therefore, even if the hearing officer had improperly excluded this evidence, it would have constituted harmless error.

Finally, Cal contends that his federal constitutional rights were violated when he was "secretly recorded [without his] knowledge" during his interview with Investigator Feldkamp.[1] ECF 6 at 2, ECF 29 at 2. Here, he seems to allege that he was compelled to

---

[1] The only recorded statements provided to the Indiana Office of the Attorney General were Investigator Feldkamp's written record of Cal's statements during the interview. ECF 11 at 10 n. 3.

be a witness against himself in violation of his Fifth Amendment right against self-incrimination. *Id*. However, "a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (emphasis in original). Furthermore, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Here, Cal's admission of guilt to the trafficking charge formed the basis of his disciplinary conviction. Thus, his asserted Fifth Amendment privilege against self-incrimination is not applicable here. Therefore, this ground does not identify a basis for habeas corpus relief.

If Cal wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Melvin Cal's amended petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on June 27, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT